WALTER N. DAVIS, Respondent, v. BARADA-GHIO REAL ESTATE COMPANY, Appellant.

Springfield Court of Appeals, June 6, 1910.

1. CONTRACTS: Contract to Convey Real Estate: Dependent Covenants: Offer to Perform: Time, When Not of Essence. Under a contract to convey real estate, it was agreed that the purchaser was to pay $1500 at the execution of the contract, and $1500 in thirty days which, if not paid in that time, would work a forfeiture of the first $1500 but, if paid within thirty days' time, then the balance of the purchase price was to be paid within sixty days of the date of the contract, and defendant was thereupon to convey by warranty deed the land free from encumbrances. The first and second payments of $1500 were made. *Held*, that time was not of the essence of this contract, that the purchaser was not bound to pay the price until the encumbrance was removed and the title was clear; that the covenants to pay and to convey were concurrent and dependent provisions, and that the party seeking to recover damages for breach of the contract must show a tender or offer to perform on his part.

2. ———: ———: ———: ———. Under a contract to convey real estate where it was held that time was not of the essence of the contract, the purchaser sued the seller for damages for breach of the contract to convey. *Held*, that before plaintiff could recover, he should show an offer on his part to pay the purchase price made in good faith and at a time when he was able to pay, and a refusal upon the part of defendant to perform. *Held further*, that defendant could defeat the action by showing that subsequent to plaintiff's offer to perform, and before suit was brought, defendant had in good faith offered to convey a title called for by the contract and was able to do so, and that plaintiff refused.

3. ———: ———: ———: Evidence of Offer to Perform. In a suit by a purchaser for damages on account of breach of a contract to convey real estate where time was not of the essence of the contract, it was held error to exclude the offer made on the part of defendant to show that prior to the institution of the suit he had offered in good faith to perform by tendering a deed conveying clear title, and that he was able to remove the encumbrances on the land as called for by the contract, and that plaintiff refused to pay the balance of the purchase price.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

REVERSED AND REMANDED.

*Collins & Chappell* for appellant.

All of the decisions and text books announce the rule that when a party to a contract with concurrent and dependent conditions comes into court and asserts that he is invested with a right of action on such contract, he must allege and prove, either, first, an offer to perform on his part and a mere failure to perform on the part of the other party to the contract. Bishop on Cont., sec. 1433; Fuller v. Hubbard, 6 Cow. 13; Ishmael v. Parker, 13 Ill. 324; Small v. Reeves, 14 Ind. 163; Fuller v. Williams, 7 Cow. 53; Kane v. Hood, 13 Pick. 281; Runkle v. Johnson, 30 Ill. 328; Stokes v. Burrell, 3 Grant (Pa.) 241; Dana v. King, 2 Pick. 155; Brown v. Gammon, 14 Me. 276; Howe v. Huntington, 15 Me. 350; Hunt v. Livermore, 5 Pick. 395; Perry v. Wheeler, 24 Vt. 286; Mfg. Co. v. Armstrong, 19 Me. 147; Leaird v. Smith, 44 N. Y. 618; Mackay v. Dick, 6 App. Cas. 251; Price v. Sanders, 39 Ark. 306; Savings Soc. v. Hildreth, 53 Cal. 721; Hedge v. Gibson, 58 Ia. 656; Davis v. Barrada-Ghio, 115 Mo. App. 327. Or, second, he must prove a failure of the other party which is not a mere failure, but a failure combined with a repudiation of the contract, or combined with a condition so preventing compliance that an offer would have been useless. Pursley v. Wood, 94 Mo. App. 389; Horwood v. Delmar, 41 Mo. App. 48; Soap Works v. Sayer, 55 Mo. App. 15; McManus v. Gregory, 94 Mo. App. 370.

*John M. Dickson* for respondent.

COX, J.—Action for damages for breach of contract to convey real estate. Trial by jury, verdict for plaintiff, and defendant has appealed. On the 16th day

of May, 1901, defendant executed a contract in writing by which it agreed to convey to L. B. Stephenson the real estate therein described for the sum of twenty-five thousand dollars, fifteen hundred dollars of which was to be, and was paid, at the execution of the contract; fifteen hundred dollars to be paid within thirty days from that time, and, if not paid within that time, then the fifteen hundred dollars first paid, to be forfeited; but if the second fifteen hundred dollars was paid within thirty days, then the balance of twenty-two thousand dollars was to be paid sixty days from the date of the contract, and defendant was thereupon to convey, by good and sufficient warranty deed, free and clear, the land described in the contract. The second fifteen hundred dollars was paid within the time limited. Stephenson assigned his interest in the contract to one Hall, and Hall to this plaintiff. The land described in the contract was encumbered with two mortgages, one for eight thousand dollars and another for six thousand seven hundred dollars. Neither of these mortgages were mentioned in the contract.

This is the second appeal in this case, the first being reported in the 115 Mo. App., page 327, 92 S. W. 113, and on that appeal it was held that the payment of the second fifteen hundred dollars within the time prescribed in the contract took the optional feature out of the contract, and it then became a binding contract between the parties for the conveyance of the land on the part of defendant and for the payment of the purchase price on the part of the plaintiff. It was also held upon the former appeal that it was the duty of defendant to furnish a clear title, and that plaintiff was not bound to pay the purchase price until the title was clear.

It was also held that the provision to pay by plaintiff and to convey by defendant were concurrent and dependent provisions, and to maintain an action for breach of the contract by either party, a tender or an

offer to perform upon the part of the one seeking damages for the breach should be shown.

From this it appears that plaintiff, in order to sustain this action, was bound to show that he had offered to perform before bringing this suit and defendant had failed to perform upon its part.

In the second trial the court apparently attempted to follow the decision of the St. Louis Court of Appeals on the former appeal, but evidently misunderstood what was decided in that case. In the second trial the court proceeded upon the theory that it was the duty of defendant to have paid off the encumbrances upon the land, on or before the 15th day of July, 1901, at which time the deed was to be executed and the money paid for the land, and, in conformity with this view of the case, the court gave the following instruction on behalf of plaintiff:

"The jury are instructed that it was the duty of the defendant, under the contract read in evidence, to have the property therein described, free and clear of liens or encumbrances, on the 15th day of July, 1901, and it is not material in this case who owned the deeds of trust read in evidence at that time, nor whether or not the defendant might have procured their release upon the record after that date."

The evidence in this case as to what transpired on July 15th is conflicting, plaintiff's evidence tending to show that he was ready and willing to pay the balance, twenty-two thousand dollars, providing defendant would pay the mortgages and furnish him a deed conveying a clear title. The testimony on the part of defendant so far as the court admitted it tended to show that defendant tendered a deed on that day and offered to release the encumbrances, but that plaintiff was then unable to pay and so stated to defendant's agent.

The court seems to have taken the view that time was of the essence of this contract and that the rights of the parties were to be determined in this action by

what they did on July 15th. This was error. Time was not of the essence of this contract after the payment of the second fifteen hundred dollars and the elimination of the optional feature of it, so that if plaintiff had, at any time, prior to the bringing of this action, offered in good faith to perform upon his part and the defendant had refused or failed, then he should be entitled to recover. On the other hand, if defendant, after the 15th of July and prior to the commencement of this action, offered in good faith to perform and plaintiff had, at that time, refused to accept the offer, then plaintiff could not recover in this action, unless he had, subsequent to the offer of defendant to perform, again offered in good faith to perform upon his part. Defendant was not bound to remove the encumbrances until plaintiff was ready to pay the balance of the purchase money, but when plaintiff was ready and offered in good faith to pay, if he did so offer, then it was the duty of defendant to have removed the encumbrances and tendered a deed conveying a clear title. He did not have the right to require the payment of the balance of the purchase money so that he might pay the encumbrance out of that money for that was not the contract, so that the whole issue in this case turns upon the one proposition as to whether the plaintiff at any time before the commencement of this action, offered in good faith to pay the defendant the balance of the purchase money and was, at the time of the offer, able to do so, and whether defendant had, before the beginning of this action, offered to perform upon its part. The defendant offered to prove that in September 1901, and before the bringing of this suit, he tendered a deed showing a clear title and was then ready and able to remove the encumbrances, and again demanded the payment of the balance of the purchase money which plaintiff had refused to pay. This offer was excluded by the court and the testimony as to the offer to perform was confined to

Davis v. Real Estate Co.

what occurred on the 15th day of July. This was error. The instruction given, above quoted, was likewise error.

In the trial of this case the court excluded the testimony offered by defendant as to its ability to remove the encumbrances at the time it claims to have offered to perform. This was error also. Under the facts in this case the plaintiff could not maintain his action without showing that he had either made a tender upon his part, or an offer in good faith to perform, coupled with the ability to perform, and the defendant could defeat plaintiff's action by showing that he had made a tender or an offer in good faith to perform, coupled with the ability to do so, and that plaintiff had not subsequently thereto offered in good faith to perform upon his part, and if either party sought to rely upon an offer to perform instead of a formal tender, he should not only show that he stated to the party that he was willing to perform, but he should also prove that at the time he offered to perform he was able to make his offer good; hence, evidence as to the ability of plaintiff to pay the twenty-two thousand dollars at the time he offered to do so, if he made the offer, should have been admitted, and evidence of the ability of the defendant to remove the encumbrances, if he offered to do so, should also have been admitted, and the parties, plaintiff and defendant, should have been permitted to show that their respective offers to perform were made at any time before the commencement of this action, and should not have been confined to the 15th day of July as was done in this case, and either party should have been permitted to prove any fact that would tend to show that the alleged offer to perform by his adversary was not made in good faith.

It is contended upon this appeal that defendant's demurrer to plaintiff's testimony should have been sustained. This question does not seem to have been raised in the former appeal, and in the first trial of the case a verdict was rendered in favor of plaintiff. A motion

for new trial on behalf of defendant was sustained upon the ground that the verdict was against the weight of the evidence and that the court had erred in an instruction. The plaintiff then appealed from this action of the court in sustaining a motion for a new trial, but that judgment was affirmed on the former appeal, and, in the course of the opinion, the court took the position that the evidence as to whether or not the plaintiff had offered to perform, and whether defendant had failed or was unwilling to perform, was a disputed question in the testimony, and the court, having set the verdict aside, because against the weight of the evidence, the appellate court should not interfere. While we do not think the evidence in this case is at all clear that plaintiff really intended to pay the balance of twenty-two thousand dollars, or that he was able to do so, yet we are of the opinion that there was evidence sufficient to take his case to the jury, and if there had been no other errors in the trial of the case, we should not feel justified in reversing it on the ground that there was no substantial evidence to support the verdict.

For the errors noted, the judgment will be reversed and the cause remanded. All concur.