# WALTER N. DAVIS, Respondent, v. BARADA-GHIO REAL ESTATE COMPANY, Appellant.

### St. Louis Court of Appeals, February 6, 1912.

1. **REAL ESTATE: Contract to Convey: Action for Breach: Offer to Perform: Encumbered Land.** While, in order to enable one who has contracted to purchase land to maintain an action for breach of contract against the vendor, it is necessary that he show he offered to pay the vendor the purchase price, yet where the vendor is unable to convey a clear title, as required by the contract, because of unsatisfied deeds of trust, an unconditional and actual tender of the purchase price is not required, but it is sufficient if the purchaser, being ready, willing and able to pay, signify to the vendor his willingness to pay, if the latter will do his part; and this signification will be ample if the language used be such that the jury may deduce an expression of willingness from it.

2. —————: —————: —————: —————: **Sufficiency of Evidence.** One Stephenson entered into a contract in writing with defendant, whereby defendant agreed to convey certain real estate to him, free of incumbrance, in consideration of the payment by him of the sum of $25,000, in certain payments. He paid $3000, as stipulated, and then assigned the contract to one Hall. At the time provided by the contract for the payment of the balance of the purchase price, defendant tendered a deed of conveyance to Hall, and demanded that he pay the balance of the purchase price. Hall inquired whether the property was free of incumbrance and defendant replied that there were two deeds of trust on it. Hall then told defendant to clear off the deeds of trust. Stephenson and Hall were ready, able and willing to perform their part of the contract, but defendant failed to have the deeds of trust released, and, therefore, failed to perform its part. The contract was then assigned to plaintiff, who brought suit for its breach. *Held*, that the evidence was sufficient to establish an offer to perform by plaintiff's assignors, so as to put defendant in default, and the evidence as to other essential facts also being sufficient, the court did not err in refusing to direct a verdict for defendant.

3. **APPELLATE PRACTICE: Assignments of Error: Matters not in Record.** An assignment of error concerning matters that do not appear in the record and which were not called to the attention of the trial court by the motion for a new trial will not be considered.

4. ————: **Review: Errors not Assigned.** Where a case has been twice tried, resulting in a verdict for respondent each time, the appellate court will not, on its own motion, seek out, notice or consider rulings which are not assigned as error and upon which no point is made in appellant's brief.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor*, Judge.

AFFIRMED.

*Collins & Chappell* for appellant.

All of the decisions and text-books announce the rule that when a party to a contract with concurrent and dependent conditions comes into court and asserts that he is invested with a right of action on such contract, he must allege and prove, either, first, an offer to perform on his part and a mere failure to perform on the part of the other party to the contract. Bishop on Contracts, sec. 1433; Fuller v. Hubbard, 6 Cow. 13; Ishmael v. Parker, 13 Ill. 324; Small v. Reeves, 14 Ind. 163; Fuller v. Williams, 7 Cow. 53; Kane v. Hood, 13 Pick. 281; Runkle v. Johnson, 30 Ill. 328; Stokes v. Burrell, 3 Grant (Pa.) 241; Dana v. King, 2 Pick. 155; Brown v. Gammon, 14 Me. 276; Howe v. Huntington, 15 Me. 350; Hunt v. Livermore, 5 Pick. 395; Perry v. Wheeler, 24 Vt. 286; Mfg. Co. v. Armstrong, 19 Me. 147; Leaird v. Smith, 44 N. Y. 618; Mackay v. Dick, 6 App. Cas. 251; Price v. Sanders, 39 Ark. 306; Sav. Soc. v. Hildreth, 53 Cal. 721; Hedge v. Gibson, 58 Iowa 656; Davis v. Barada-Ghio, 115 Mo. App. 327; or, second, he must prove a failure of the other party which is not a mere failure, but a failure combined with a repudiation of the contract, or combined with a condition so preventing compliance that an offer would have been useless. Pursley v. Wood, 94 Mo. App. 389; Horwood v. Delmar, 41 Mo. App. 48; Soap Works v. Sayer, 55 Mo. App. 15; McManus v. Gregory, 94 Mo. App. 370.

*Glendy B. Arnold* for respondent.

(1)    The demurrer was properly overruled. Where the vendor agrees to convey land free and clear of encumbrances, the existence of encumbrances on the land, at, or during the time fixed for the conveyance, is a breach of the contract by the vendor, rendering him, in law, incapable to convey.   Morange v. Morris, 3 Keyes (N. Y.) 48; Gormley v. Kyle, 137 Mass. 189.   (2) If the vendor is unable to convey the land, as agreed, the vendee is not required to make a tender of the purchase money in order to maintain an action for damages for the breach.   Bedell v. Smith, 37 Ala. 619; Irwin v. Askew, 74 Ga. 581; Clark v. Weis, 87 Ill. 438; Mathison v. Wilson, 87 Ill. 51; Nesbit v. Miller, 125 Ind. 106; Auxier v. Taylor, 102 Ia. 673; Damon v. Weston, 77 Ia. 259; Miller v. Whittier, 32 Me. 203; Lowe v. Harwood, 139 Mass. 133; Gormley v. Kyle, 137 Mass. 189; Newcomb v. Brackett, 16 Mass. 161; Bennett v. Phelps, 12 Minn. 326; Walton v. Wilson, 30 Miss. 576; Davis v. Real Estate Co., 115 Mo. App. 327; Reynolds v. Reynolds, 45 Mo. App. 622; Lawrence v. Miller, 86 N. Y. 131; Davis' Adm. v. Van Wyck, 64 Hun (N. Y.), 186; Broadhead v. Reinbold, 200 Penn. St. 618; Nevins v. Thomas, 80 Tex. 596.

CAULFIELD, J.—The appeal in this case was prosecuted to this court, but was   thereafter transferred by it to the Springfield Court of Appeals under the provisions of an act of the Legislature, approved June 12, 1909.  [See Laws of Missouri 1909, p. 396; see, also, sec. 3939, R. S. 1909.]  In due time the cause was disposed of by the Springfield Court of Appeals through an opinion prepared by Judge Cox of that court, as will appear by reference to Davis v. Barada-Ghio Real Estate Co., 145 Mo. App. 24, 129 S. W. 751. Subsequently, the Supreme Court declared the said

legislative act, which purported to authorize the trans-
fer of cases from this court to the Springfield Court,
to be unconstitutional. The cause was thereafter
transferred by the Springfield Court of Appeals to this
court on the theory that the jurisdiction of the appeal
continued to reside here and the proceedings had in
the Springfield Court with reference thereto were
*coram non judice.*

The case has been argued and submitted here, and
upon due consideration, we find ourselves unable to
concur in the view expressed by the Springfield Court
in the opinion referred to.

The suit is one to recover damages for breach of
contract, brought in the circuit court of the city of St.
Louis. A trial being had there before a jury, the
plaintiff had verdict and judgment for $3231.25, and
the defendant has appealed. The contract alleged to
have been breached was made and entered into in
writing on May 16, 1901, between the defendant and
one Stephenson. By its terms the defendant acknowl-
edged the receipt of $1500 paid to it by Stephenson,
and in consideration thereof agreed that, for the fur-
ther sum of $23,500 to be paid, $1500 in thirty days
and $22,000 in sixty days, it, the defendant, would sell
and convey certain lands to Stephenson, title to be
free and clear and conveyance to be made by good and
sufficient warranty deed. The contract was assigned
by Stephenson to John C. Hall, July 1, 1901, and by
Hall to plaintiff on July 16, 1901. The defendant in
its answer admits the making of the contract and that
Stephenson made the first and second payments of
$1500 each in accordance therewith, but the contract
was not further and completely performed by the pay-
ment of the balance of the purchase price, $22,000,
and the delivery of a deed conveying title free and
clear. And to this, plaintiff avers that within sixty
days from the date of said contract, to-wit, on July
14, 1901, he and his said assignors, were ready, able

and willing to perform and offered to accept a conveyance of the property and to pay the $22,000, but the defendant refused to convey, and has never so conveyed the same, and could not then, nor at the time of bringing this suit, convey a good title to the property, because it had no title thereto, and because the property was, on the date the defendant contracted to convey the same, subject to two deeds of trust in the nature of mortgages, and continued to be until January 25, 1902, when the property was sold at a sale in foreclosure under one of said deeds of trust and purchased by one Arthur Kocian, who immediately encumbered the same with another deed of trust made by him which encumbrance continued up to the time this suit was brought.

The defendant in its answer admits that on July 14, 1901, there was of record the two deeds of trust described in plaintiff's petition, but alleges that, at the date of making the contract and at all times thereafter, the plaintiff and his assignors had knowledge of the existence of both of them and made no objection thereto. That on or about July 15, 1901, it, the defendant, was the owner and holder of one of said deeds of trust and had the funds provided with which to pay off and satisfy the other; that on or about said day this defendant called upon John C. Hall, who then claimed to be the owner of said contract of sale or representing said L. B. Stephenson, and presented to him a duly executed deed conveying the real estate described in said contract and offered to deliver said deed to said Hall and to have both of said deeds of trust satisfied and released of record if said Hall or said Stephenson would express a willingness to pay to this defendant thereupon the sum of twenty-two thousand ($22,000) dollars, the remaining sum to be paid under said contract, but that said Hall thereupon informed the defendant that neither he nor said Stephenson had or could procure said sum of twenty-two thou-

sand ($22,000) dollars and that they were unable to carry out the said contract upon their part." The answer also contained a general denial. The reply was a general denial.

This same case was here before on appeal by the plaintiff from an order granting a new trial. [See Davis v. Barada-Ghio Real Estate Co., 115 Mo. App. 327, 92 S. W. 113.] The facts now presented by the record before us are substantially the same as were set forth by Judge GOODE in the statement of facts forming part of the opinion of this court on that appeal, and for brevity that opinion is referred to for a fuller understanding of such facts. It was there held by this court that Stephenson's agreement to pay and the defendant's agreement to convey a clear title were concurrent and dependent conditions, and performance, or an offer to perform, by either party was essential to put the other party in default and lay the foundation for an action by the party who had performed, for damages or to enforce performance; that it was necessary to show that Stephenson or his assignee was ready and willing to perform the contract on his part and offered to do so, he being the one bringing the action, but it was not necessary for Stephenson actually to have tendered payment. "If Stephenson was willing and able to pay the purchase money and offered to do so and Hruska (defendant's president) raised no objection to the offer because the cash was not proffered, the offer itself was performance by Stephenson." Now on this appeal, which is by the defendant, the defendant complains of but two alleged errors, which we will state and dispose of in their order.

I. The first of these alleged errors is that the trial court erred in refusing to give defendant's demurrer to plaintiff's evidence, defendant contending that such demurrer should have been given because

such evidence failed to show that Stephenson or any-
one acting for or under him ever offered to perform
the contract on his part and, therefore, the plaintiff
failed to make a prima facie case under the rule laid
down on the former appeal. In the opinion on such
former appeal, when the evidence in this respect was
substantially the same as it is now, this court said in
the statement of facts: "The testimony for the plain-
tiff goes to show that he, or his assignors, were ready
and willing to pay the remainder of the purchase
money within sixty days, as stipulated, and offered
to do so on the tender of a deed conveying a clear
title" (l. c. 331). And in the opinion proper we said:
"Now Hall's testimony conduced to show such an offer
was made on behalf of Stephenson" (l. c. 339). The
Springfield Court of Appeals in its opinion above men-
tioned held the demurrer to the evidence properly
overruled. But as in the prior appeal this court was
not confronted with a demurrer to the plaintiff's evi-
dence, and as the Springfield Court undertook to re-
verse and remand the case on other grounds, we deem
it to be our duty to disclose and discuss the evidence
in the respect under consideration more fully. There
is no question, nor is any suggestion made, but that
the evidence on the part of the plaintiff was sufficient
to justify a finding that Stephenson had made provi-
sion at a local trust company for obtaining the $22,000
with which to pay defendant, and that at the time we
will mention that sum was available to John C. Hall
for that purpose—Hall representing Stephenson and
himself in the entire transaction. There is no ques-
tion but that there was evidence tending to prove that
Stephenson and Hall were ready, able and willing to
perform. Nor is there any question but that there
was evidence tending to prove that defendant failed
to perform. The only question is, was an offer to per-
form made by the plaintiff's assignors so as to put de-
fendant in default. The testimony of Hall, which plain-

tiff must rely upon to establish such offer and which defendant asserts is insufficient for that purpose, is as follows: "Q. Now, Mr. Hall, what subsequently transpired in connection with this matter?" (He had already testified to the making of the contract and paying the first installment.) "A. Well, I don't know of anything that transpired until the middle of July. About the middle of July. Q. What happened then? A. Mr. Hruska (defendant's president) came into my office with a deed, said it was the deed to this property and he tendered me that deed, and I asked him if the property was free and clear; he said it was not, he said that there was on it two deeds of trust, one of $8000, one for $6000. Mr. Collins: I object to proving that without the writing. Q. You are stating what Mr. Hruska said? A. Mr. Hruska said there were two deeds of trust on it, naming the amount, and he wanted $22,000 and I told him to clear the deeds of trust off, and he said that he would if I would pay the $22,000 he would take our money and pay them off with it. Q. What did you say to that? A. I told him that was not the agreement." This was on direct-examination. On cross-examination he testified as follows: "Q. When did you say Mr. Hruska called at your office with this deed? A. Well, it must have been about the time, the time was up for the contract; say the middle of July. Q. Have you prior to that time—it was on the day the payment was due, was it not? A. Perhaps it was, I don't know that. Q. On that day it was due? A. I don't know what day it was, it was about that time. Q. Did you on the date that the $22,000 became due make any offer to pay Mr. Hruska or the Barada-Ghio Real Estate Company the $22,000? A. No, because he would not— Q. Never mind the cause; did you do it; did you make that tender? A. I didn't make any tender. Q. Mr. Hruska came down and tried to have you take the deed to the

property that very day? A. In that condition, yes, sir.''

By stating that the plaintiff or those under whom he claims must have made an ''offer to perform'' is not meant that he must have made an unconditional tender as in the case of a debtor to a creditor. ''Under a contract which, as interpreted, calls for concurrent acts by the parties—for example, requires the one to convey to the other who is simultaneously to pay for it—neither can maintain a suit against the other until he had done his part, or offered to do it *on the other's performing.*'' [Bishop on Contracts (Enlarged Ed.), sec. 1433.] It was incumbent upon the plaintiff or his assignors merely to offer to pay the money if the defendant would satisfy the deeds of trust of record and deliver a deed conveying clear title, and, as decided in this case on the former appeal, it was not necessary that there be an actual tender of the money under the facts and circumstances of this case. And it was not necessary, we take it, for the offer to be made in any set form, or in language which expressly designated it as an offer. It was sufficient for the plaintiff or his assignor, being ready, able and willing to pay, merely to express to the defendant a willingness to pay if the latter would do its part. And if the language used under the circumstances was such that the jury might well deduce such an expression of willingness from it, it was sufficient. Now, looking to Hall's testimony, we find that Hruska came to his office, tendered him a deed and asked that Hall pay the $22,000. Hall asked him if the property was clear, and he answered that there were two deeds of trust on it. Hall then told him ''to clear the deeds of trust off.'' Now, if Hall had said to Hruska, ''clear the deeds of trust off, then tender me the deed, and I will pay you the $22,000 as provided in our agreement,'' there would be no doubt that this was an offer on his part to perform on the defendant's performing. And yet the very

thought which would have been expressed by the use of language so supposed, was necessarily conveyed by, or at least might well have been inferred from, the conversation which actually did occur. It was unnecessary for Hall to expressly mention the payment of the money or the acceptance of a deed conveying clear title. The money was demanded and a deed was tendered. By answering to this demand and tender, "Clear the deeds of trust off," Hall could well be understood as meaning that if the deeds of trust were cleared off he would pay the money and accept the deed. Nor are we of the opinion that Hall's testimony on cross-examination was sufficient to overcome this inference. It is true that he there stated that he did not offer to pay Mr. Hruska nor the defendant $22,000, but it is clear from the context that he meant by this merely that he had not made a formal tender or offered to then and there actually pay, and not that he did not express a willingness to pay if the defendant would do its part.

We conclude that the jury were justified in inferring the necessary offer from Hall's version of the transaction at his office, and the demurrer to the evidence was properly overruled.

II. The defendant next contends that "this court should reverse this case, because prejudicial error occurred on the trial of this cause, in that plaintiff's counsel told the jury, directly and indirectly, throughout the trial, with the apparent acquiescence of the court, that the defendant could have laid the foundation for an action for specific performance against Stephenson during the time limited by the contract, if it had so desired, by paying off the deeds of trust that were on the land and tendering a sufficient deed to Stephenson." The defendant fails to state how or in what connection this occurred or to point to any place

in the abstract where we can find it. We have looked through the record and have been unable to find that plaintiff's counsel told the jury any such thing directly or indirectly. Defendant did not call the trial court's attention to any such alleged error in its motion for a new trial. We are unable to consider this assignment of error.

III. The Springfield Court of Appeals, by its opinion which we have mentioned, undertook to reverse and remand this case because the trial court erred in giving an instruction and in excluding certain testimony. Neither of those alleged errors was assigned by the defendant, nor did it make any point or argument as to them in its brief, either in the Springfield Court or here. This case has been twice tried to a jury and each time a verdict resulted for the plaintiff. We do not feel called upon of our own volition to seek out, notice or consider alleged errors which the defendant has not deemed of sufficient prejudicial effect to merit their being called to our attention.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.