**Henry DeBACKER and Edward W. Dorson, Plaintiffs-Respondents,**

v.

**Russell S. FORBES and Loretta L. Forbes, Defendants-Appellants.**

No. 31942.

St. Louis Court of Appeals.

Missouri.

July 19, 1966.

Motion for Rehearing or to Transfer to Supreme Court Denied Sept. 13, 1966.

William C. Barnett, St. Louis, for defendants-appellants.

John H. Mittendorf, Union, for plaintiffs-respondents.

DOERNER, Commissioner.

By separate counts in their joint petition plaintiff DeBacker sought to recover damages of $2600 for defendants' alleged breach of contract for the sale of defendants' land; and plaintiff Dorson, defendants' real estate broker, sued for a commission of $190 he averred was owed him by defendants. Trial to a court sitting without a jury resulted in a judgment for plaintiff DeBacker for $2,000 on Count I, and one for plaintiff Dorson for $190 on Count II. Following the overruling of their motion for a new trial defendants brought this appeal.

At some undisclosed time in 1962 defendants employed plaintiff Dorson to sell 40 acres of unimproved land owned by them in Crawford County, Missouri, for a commission of ten per cent of the purchase price. Thereafter, on November 4, 1962, DeBacker and Mabel DeBacker, his wife, signed a sales contract which provided that they as purchasers agreed to purchase, and the defendants as sellers agreed to sell, the land in question; that the total price was $1600; that $100 earnest money was to be paid; that the property was not subject to any deed of trust; that the title was to be merchantable or purchasers would accept a title insurance policy issued by a qualified title insurance company in lieu of a strictly merchantable title; that the sellers were to furnish a general warranty deed, "* * * subject to leases and to occupancy of tenants existing on the date contract is exe-cuted by purchaser * * *," none being shown in the spaces for that purpose on the printed form; and that the deed was to be made to Henry DeBacker and Mabel DeBacker, his wife. At the time they executed the contract the DeBackers paid Dorson $100 as earnest money.

Dorson sent the sales contract to the defendants in Florida, who rejected and returned it. Dorson thereupon returned the earnest money of $100 to the DeBackers. At some subsequent time and place, not made clear by the evidence, defendants signed the same sales contract below the handwritten insertion: "We hereby agree to take $1900.00 cash." Thereafter, apparently on February 9, 1963, at Dorson's office, plaintiff Henry DeBacker alone signed below the handwritten insertion, "I herby (sic) agree to pay $1900.00," and paid Dorson $100 as earnest money. Dorson then had the title searched, which revealed three encumbrances of record: a note for $1800 executed by defendants, secured by a deed of trust on the property; a lease they had made on June 28, 1962 to Fred W. Werchow and June Elizabeth Werchow, his wife, which gave the lessees an option to purchase the property, and which was still in effect; and a judgment against defendants for $164.57. Dorson wrote the defendants on March 21, 1963, informing them of the encumbrances which had been found and advising them that they would have to be removed. Dr. Forbes replied, by a letter dated March 28, 1963, that he was not in a position to clear the title and that he didn't want to close the deal.

The contract provided that the sale was to be closed at Dorson's office in Oak Grove Village, Missouri, on April 15, 1963. At about 2:00 P.M. of that day Mr. and Mrs. DeBacker appeared in Dorson's office. The defendants did not appear, and testified that the reason they did not was that Dorson had told them in a prior telephone conversation that inasmuch as they were unable to convey a clear title there was no need for them to appear on the closing date. The court sustained defend-

ants' objections to the conversation which occurred between the DeBackers and Dorson, and no offer of proof was made, but the record does show that Dorson showed the DeBackers the abstract which revealed the encumbrances; and that DeBacker offered to pay Dorson the remaining $1800 of the purchase price, either by a personal check, according to Dorson, or mostly by a certified check and the remainder by a personal check, according to the DeBackers. Dorson testified that he refused to accept DeBacker's check and told him: "* * * 'It will take so long to close this deal I don't want to take your check and hold it.' * * *" DeBacker also testified that if Dr. Forbes had appeared at the closing and wanted actual cash in place of the checks he would have cashed the checks and paid cash.

About 10 days after April 15, 1963, Dr. Forbes appeared at Dorson's office, told him that he wasn't going to close the deal because he couldn't clear the title, and demanded the abstract, which Dorson declined to give him. The evidence further shows that the DeBackers consulted Mr. G. C. Beckham of Steeleville, an attorney, who wrote the defendants a letter dated May 27, 1963, advising them that the DeBackers were willing to purchase the land subject to the lease and option of the Werchows, provided that the liens of the deed of trust and judgment were removed. The defendants did not reply, nor did they remove the encumbrances. In fact, Dr. Forbes admitted on cross-examination that he did not have the money to pay the note and deed of trust and the judgment, and that he was not able to do so until August, 1963, after he had sold another piece of property.

Dorson testified that the fair market value of the defendants' 40 acres on April 15, 1963 was $3850. Walter H. Berger, another real estate dealer, who appeared as an expert witness on behalf of plaintiff, stated the fair market value was $4,000.

Defendants raise but two points concerning the judgment in favor of DeBacker. Pointing to that part of the sales contract which reads, "Deed to be made to HENRY DEBACKER MABEL DE-BACKER HIS WIFE," they first contend in effect that Mrs. DeBacker was an indispensable party to the action. We think not. That sentence merely related to the manner in which the deed was to be made. The counter-offer submitted by defendants was not signed by Mrs. DeBacker and, as plainly appears, was accepted only by Henry DeBacker. But if her participation in the action was necessary, her nonjoinder was first raised by defendants (and then rather ambiguously) in their motion for a new trial. Having failed to raise the alleged defect by motion or answer before proceeding to trial they waived it. Civil Rules 52.06, 55.37, 55.43, V.A.M.R.; Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132; McCreary v. Employers Mut. Fire Ins. Co., Mo.App., 378 S.W.2d 243; Bartlett v. De Graffenreid, Mo.App., 305 S.W.2d 906.

Defendants also contend that the trial court erred in holding that DeBacker made a good tender of the remainder of the purchase price, because the tender was in the form of a check or checks, instead of cash. No findings of fact or conclusions of law were requested or filed, and the judgment is in general terms, so that the basis of the court's finding is by no means certain. Ordinarily a purchaser is not excused from making a tender unless a seller unconditionally refuses to perform, or the defect in title is irremediable. Hellrung v. Hoechst, Mo., 384 S.W.2d 561. In this case defendants concede that by their letter of March 28, 1963, they had informed Dorson that they would not close the deal, and they did not either execute a deed or appear at the time and place specified for the closing. The trial court may well have concluded, therefore, that defendants had waived the necessity for a tender by DeBacker. Cooper v. Mayer, Mo., 312 S.W. 2d 127; Wimer v. Wagner, 323 Mo. 1156, 20 S.W.2d 650, 79 A.L.R. 1231; Davis v.

Barada-Ghio Real Estate Co., 163 Mo.App. 328, 143 S.W. 1108. Or, with equal justification, the trial court may have found that any requirement for the tender of cash was waived since no objection was made that the tender was by a check or checks, rather than by cash. It is undisputed that a tender was made. Mr. and Mrs. DeBacker, as well as Dorson, who was representing defendants in the sale of their property, so testified, and there was no evidence to the contrary. Dorson likewise testified that he refused to accept DeBacker's check or checks, not on the ground that the tender was not in cash, but because of the unknown length of time it might take to close the deal, in view of the defects in the title and defendants' letter to him of March 28. The fact that DeBacker tendered a check or checks rather than cash was not objected to on that ground by Dorson, and tender in cash was therefore waived. Domyan v. Dornin, Mo., 356 S.W.2d 70; Diehr v. Thompson Chemicals Corp., Mo.App., 281 S.W.2d 572.

 As to the judgment in favor of Dorson for $190, defendants assert that he was not entitled to any commission since DeBacker had not made a legal tender; and that the judgment was excessive. What we have already said on the subject of tender disposes of their first allegation of error. And we may not consider the second, because defendants did not preserve it for review by presenting it to the trial court in their motion for a new trial. Civil Rule 79.03, V.A.M.R.; Johnson v. Flex-O-Lite Mfg. Corp., Mo., 314 S.W.2d 75; Welch v. Thompson, 357 Mo. 703, 210 S.W.2d 79.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.