JEROME B. DOVER, Defendant in Error, *v.* THOMAS J. KENNERLY *et al.*, Plaintiffs in Error.

1. *Deed of trust—Resale.*—At a sale of real estate under a deed of trust, where the highest bidder fails to pay the purchase money, the property may be resold by the trustee; and, in the absence of any satisfactory proof that the beneficiaries officiously or unfairly intermeddled with the duties of the trustee, or did anything to prevent other persons from bidding at the sale, or took any unfair advantage for the purpose of getting the property at a price below its value, the claim of the grantor for relief must fail. (Dover v. Kennerly *et al.*, 38 Mo. 469, affirmed.)

*Error to Second District Court.*

For statement of the facts in this case, see Dover v. Kennerly *et al.*, 38 Mo. 469.

*Cline, Jamison & Day*, and *Abner Green*, for plaintiffs in error.

An agreement made among several persons to divide property purchased or bid off by one of them at a public or judicial sale is not objectionable, unless the agreement is equivalent to a combination among those who would otherwise be themselves bidders to obtain the property at a reduced price. (Wooten v. Hinckle, 20 Mo. 290 ; Neal v. Stone, 20 Mo. 294 ; Dover v. Kennerly *et al.*, 38 Mo. 469 ; Phippen v. Stickney, 3 Metc. 388 ; Gardiner v. Morse, 25 Me. 140 ; Small v. James, 1 Watts & Serg. 128.)

*John L. Thomas*, and *James A. Beal*, for defendant in error.

The refraining of one person to bid at a public sale by agreement, or not to bid against a particular person, is treated as a fraud, without regard to the honest or dishonest intent, to cheat or get the property at a sacrifice. (Jones v. Caldwell, 3 Johns. Cas. 29 ; Devlin v. Ward, 6 Johns. 194 ; Wallace v. Howe, 8 Johns. 144 ; Thompson v. Daws, 13 Johns. 444 ; Dudley v. Little, 2 Ham. 505 ; 1 McLean, 295 ; 2 Halst. 57 ; 1 Sto. Eq. § 293 ; 6 T. R. 642.) The purchasing of property by agreement of parties, or by refraining from bidding, is a fraud upon the debtor. (Wooten v. Hinckle, 20 Mo. 290 ; Neal v. Stone, 20 Mo. 294 ; Hook v. Turner, 22 Mo. 333 ; Stewart v. Nelson, 25 Mo. 309 ; Miltenberger v. Morrison, 39 Mo. 71.) "Although no one act of the *cestui que trust* may of itself be sufficient, yet if all his acts taken together show a fraud upon the debtor, the deed under the trustee's sale will be set aside." The whole acts of Kennerly are fraudulent on the debtor. (10 Mo. 75.)

FAGG, Judge, delivered the opinion of the court.

This cause has been before this court at a previous term, and was reversed and remanded to the Jefferson Circuit Court for further proceedings. It is again brought here by writ of error to the Second District Court, and stands upon the same pleadings, and with but little change in the facts proved at the trial. In the opinion delivered at the October term, 1866, there is a very

full statement of the case, and it is unnecessary to repeat it here. (See 38 Mo. 469.) All of the questions presented by the record as it then stood were fully disposed of; and, without the introduction of new evidence and the proof of new facts, there is no ground upon which the plaintiff below could be entitled to the second decree which has been rendered for him by the Circuit Court. In the opinion of this court above referred to it was distinctly held that there was no impropriety in the second sale of the property made by the trustee; that there was no actual fraud on the part of the defendants proved, and no evidence whatever of any secret arrangement or fraudulent combination by which any person was restrained from bidding, or by which the purchaser was enabled to obtain the property at a price less than its real value. The testimony of the plaintiff himself, together with the new facts brought out in the examination of O'Fallon, one of the defendants, seems to be the chief reliance of counsel to show a different state of case from that presented by the first trial. If it shall turn out, upon a careful examination of this evidence, that it does not, in the language of the former opinion in this case, amount to "satisfactory proof that the beneficiaries officiously or unfairly intermeddled with the duties of the trustee, or did anything to prevent other persons from bidding at the sale, or took any unfair advantage for the purpose of getting the property at a price below its value," then the claim for relief must fail.

The only statement made by Dover, the plaintiff, which can be claimed as even tending to show any combination between the defendants to take an unfair advantage in the sale of the property is the following: "The Kennerlys said if I had gone to them before the second sale they would have given me the same chance they did O'Fallon; that they had given him a bond for a deed." This statement, when explained by the testimony of other witnesses, only goes to show that a bond to convey the title to O'Fallon was executed, after the purchase, by the Kennerlys at the second sale. The statement of O'Fallon, that this bond was executed in pursuance of an arrangement made previous to the sale, is wholly unsupported by any testimony in the cause. On

the contrary, it is directly contradicted by the statements of the three Kennerlys, and indirectly by the deposition of Governor Thomas C. Fletcher. None of the witnesses pretend to say in direct terms that there was any actual fraud in the conduct of these parties, or that any was intended. The answer of O'Fallon himself expressly denies it. It should not be forgotten, in the examination of his testimony, that the effect of the decree asked for in this case is directly to benefit him as the creditor of Dover to a considerable amount; and the case which it is now claimed has been made out by him is altogether different from the averments in his answer, as well as his statements made under oath at the first trial.

It is admitted as a rule of law well settled that a combination to enable a purchaser at a sale of this sort to obtain property at a sacrifice is fraudulent. But admitting that the testimony of O'Fallon is true, and giving it all the force to which it is entitled, can it be said that there was such a combination as to depress the price of the property? He had bid off the property at the first sale, in the month of March preceding, and was unable to comply with the terms of the sale for the want of means. He himself does not pretend to have been in any better condition at the second sale. From all the facts and circumstances, he could not have been regarded by any of the parties as being in a condition to bid for the property, and thereby contribute to produce such a competition among the bidders as to swell the amount of the sale. By his own showing, he was not in a condition to have bid more for the property than it actually sold for; and the arrangement made with the Kennerlys subsequent to the sale shows most conclusively that he could only become the purchaser by getting time to make the payments.

The conclusion is, therefore, that whatever hardships may have resulted to the plaintiff in this case, they are rather to be attributed to the unpropitious times and circumstances under which the property was sold than to any combination or arrangement on the part of the purchasers to get it under its real value. The statement of O'Fallon, that the object of the arrangement between himself and the Kennerlys was to get the land as cheap as

possible, really amounts to but little in the absence of any proof of his intention or ability to pay more than the amount of their bid.

The judgment of the District Court affirming the judgment of the Circuit Court will therefore be reversed, and the decree of the latter court reversed and the bill dismissed. The other judges concur.

[Motion for re-hearing was filed at October term, 1868, and was overruled at March term, 1869, but no opinion delivered.]