**Charles DOMYAN and Rose Domyan, Appellants,**

v.

**Thomas DORNIN and Mabel Dornin, Respondents.**

No. 49065.

Supreme Court of Missouri,

Division No. 2.

April 9, 1962.

Ted M. Henson, Ted M. Henson, Jr., Poplar Bluff, for appellants.

George B. Scott, Jr., Poplar Bluff, for respondents.

PER CURIAM.

Plaintiffs Charles Domyan and his wife Rose filed this suit for possession of certain real estate in Butler County, Missouri. The defendants were Thomas Dornin and his wife Mabel who held possession under a contract of sale. Plaintiffs claimed that defendants had breached the contract and therefore under the terms of the contract plaintiffs had the right of possession. Defendants claimed they had not breached the contract. The trial court entered a judgment for the defendants as to possession; the court further decreed specific performance of the contract. An appeal was taken to the Springfield Court of Appeals. That court transferred the case to this court holding that title to real estate was involved. The trial court having decreed specific performance, title to real

estate is involved and this court is vested with appellate jurisdiction. Domyan v. Dornin, Mo.App., 348 S.W.2d 360.

In the first two points of their brief, plaintiffs say that the trial court erred in awarding specific performance of the contract because neither the pleadings nor the evidence justified such a decree. In the third point, plaintiffs say that the trial court erred in entering a judgment in favor of the defendants on the issue of possession because the evidence showed defendants were in "default in the payment of the purchase price."

The evidence showed the following: On October 29, 1956, the parties entered into a contract wherein plaintiffs, as sellers, agreed to sell to the defendants, as buyers, certain real estate located in Butler County, Missouri. The terms of the contract, in substance, were that plaintiffs agreed to sell a farm to defendants for a consideration of $14,574. Defendants paid $3,000 and were given possession of the land. Defendants were to pay the balance in yearly installments of $1,000 plus interest on the amount then due. The first payment was to be made on January 1, 1958, and a payment of $1,000 plus interest on January 1 of each year thereafter until the entire balance was paid. When this occurred, a deed was to be made. In case of a default in the payments, possession was to be given plaintiffs and the amounts paid up to the time of default were to be considered as a rental for the farm.

On June 23, 1959, plaintiffs filed a petition in ejectment, alleging that defendants were then and had been since January 2, 1958, unlawfully withholding possession.

Plaintiffs' evidence as to default was that defendants had not paid the installment of $1,000 due on January 1, 1958, nor the payment due on January 1, 1959. Plaintiff Charles Domyan admitted that he had been paid the interest due on January 1, 1958, and had given defendants a receipt therefor.

Defendant Thomas Dornin testified that in December, 1957, he informed Charles Domyan that he could not pay the $1,000 due on January 1, 1958, unless he borrowed the money but that he was able to pay the interest; that Charles Domyan told him not to borrow the money but to pay the interest and to pay the $1,000 later; that nothing further was said until December, 1958, when he, Thomas Dornin, offered to give Charles Domyan three checks, two for $1,000 each and one for the interest due, but that plaintiff refused to accept the offer. Thomas Dornin further testified that he then asked Charles Hardin and Steve Wilson to go with him to see Charles Domyan; that Hardin and Wilson went with him and in their presence, he again offered to pay Mr. Domyan $2,000 and interest then due. The evidence was that Mr. Domyan again refused the tender of payment. Hardin and Wilson corroborated the evidence as given by Dornin. Note what plaintiff Charles Domyan had to say on cross-examination:

"Q Mr. Domyan, isn't it a fact when he came a year later he tendered $2000.00 and $462.96 interest? Is that right?

"A I don't remember.

"Q You say he didn't tender it to you?

"A He come up with several propositions, I don't remember whether that is one or not.

"Q You are not saying he didn't tender it to you?

"A No, sir, I am not saying he didn't."

Charles Domyan testified further that he did not talk to defendants from the time the interest was paid in December, 1957, to December, 1958, the time the alleged tender was made. It is our opinion that the trial court was justified in holding that the defendants had not breached their contract on the theory that plaintiffs ac-

cepted the interest due January 1, 1958, and agreed to give defendants further time to pay the installment of $1,000 then due. Plaintiffs' conduct amounted to a waiver. 17 C.J.S. Contracts § 409, p. 897; Diehr v. Thompson Chemicals Corp., Mo.App., 281 S.W.2d 572, 1.c. 578(5, 6).

■ The fact that defendants tendered checks and not cash was not objected to by plaintiffs and therefore tender in cash was waived. Diehr v. Thompson Chemicals Corp., supra, 281 S.W.2d 1.c. 578(5, 6). We find nothing contrary to this rule in Atkinson v. Smothers, Mo.App., 291 S.W. 2d 645, cited by plaintiffs. The point that the trial court was in error in entering a judgment against plaintiffs for possession of the land is without merit.

■ Plaintiffs' points one and two, that the trial court was not justified in decreeing specific performance, must be sustained. Specific performance should not be decreed on behalf of a purchaser of real estate unless such purchaser is able and willing to perform his part of the contract. It was provided in the contract that plaintiffs were to execute a deed to defendants on the full payment of the purchase price. Defendant Thomas Dornin testified as follows on the question of whether he was prepared "to pay the balance due on the contract":

"A  Do you mean the total balance?

"Q  Yes, sir.

"A  No, sir."

It is evident that specific performance should not have been ordered.

The judgment of the trial court reads as follows:

"WHEREFORE, it is ordered, considered, adjudged and decreed by the Court that the defendants herein have judgment against the plaintiffs on plaintiffs petition.

"Costs incurred herein are taxed against the defendants.

"It is further ordered by the Court that the plaintiffs execute deed to lands in suit and to deliver deed and abstracts of title to defendants."

The portion of the judgment pertaining to possession should be sustained. The portion relating to specific performance should be set aside.

It is ordered that the judgment of the trial court be affirmed in part and reversed in part as above indicated, and the trial court is hereby directed to enter a new judgment in conformity with the views expressed hereinabove.

It is so ordered.