George W. NIGH and Twila J. Nigh, Respondents,

v.

Marvin HICKMAN, Appellant.

No. KCD 28055.

Missouri Court of Appeals, Kansas City District.

July 6, 1976.

Ronald A. Barker, Andrew A. Krohn, Barker & Krohn, Princeton, for appellant.

R. E. Moulthrop, Bethany, for respondents.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Suit in specific performance to enforce the provisions of a contract for the sale of real estate after the buyer was late with an installment payment and the seller refused to accept such payment. The trial court granted specific performance. Affirmed.

Marvin Hickman owned 120 acres and agreed to sell the same to George Nigh and his wife. Nigh made a downpayment and was to pay the balance in 10 annual payments on November 1 of each year. The contract did not specifically provide that time was of the essence, but it did provide that if any payment was not made when due, then Hickman had the right to declare the contract null and void, to reenter and take possession and to retain all payments made by Nigh as rent.

After Nigh took possession, he made the first two installment payments prior to the November 1 due date. However, the next installment was not paid by November 1, but on November 15, Nigh attempted to make the payment at the bank where payments were made. The bank refused, on the instruction of Hickman, to accept such payment. Nigh then attempted to make the payment direct to Hickman, but was refused.

Shortly thereafter Nigh contacted an attorney who wrote to Hickman and offered to pay the entire balance due. This likewise was refused. Thereafter Nigh filed suit asking for specific performance of the contract and paid the entire balance due into court. Nigh also asked that a quit claim deed to Hickman, which he and his wife executed at the time of the contract and placed in escrow, be annulled. Hickman had this deed recorded after the payment in question was not made on time.

On this appeal, Hickman contends the court erred in decreeing specific perform-

ance and in annulling the quit claim deed because the provisions of the contract were tantamount to making time of the essence of the contract, and since the installment in question was not timely made, and under the terms of the contract Hickman had the right to declare the contract null and void and to terminate all rights which Nigh had in the land. Hickman further contends Nigh gave no reason for failure to make the installment payment on time and this gives Hickman the right to declare a forfeiture even though Hickman acknowledges equity abhors a forfeiture.

The applicable law in this case was declared in *Parkhurst v. Lebanon Pub. Co.,* 356 Mo. 934, 204 S.W.2d 241 (1947). That case involved an installment contract, the late tender of an installment and the attempt on the part of the vendor to declare the contract null and void. In that case the court held it was not necessary to determine whether or not time was of the essence by the terms of the contract because as stated at 204 S.W.2d 247[8–9]: " 'Even where time is made material, by express stipulation, the failure of one of the parties to perform a condition within the particular time limited will not in every case defeat his right to specific performance, if the condition be subsequently performed, without unreasonable delay, and no circumstances have intervened that would render it unjust or inequitable to give such relief.' "

The facts of this case clearly bring it within the above stated rule. Here the delay in making the payment was 15 days and up to that point, Nigh had paid almost 35% of the purchase price. Hickman showed no change in condition or change in any other circumstances between the 1st, when the payment was due, and the 15th, when it was tendered, which would make in inequitable on him to grant Nigh the relief sought. The delay in making the payment was certainly not unreasonable.

It was stated long ago in *O'Fallon, Jr. v. Kennerly,* 45 Mo. 124, 127 (1869): "There is no doubt that equity may decree a specific performance of a contract for sale of prop-erty, notwithstanding a default in payment upon the day specified."

An extensive annotation on this question appears in 55 A.L.R.3d 10.

As in *Parkhurst* it is not necessary to decide if time were of the essence because Hickman has not attempted to show any change of circumstance which would make it inequitable for the court to order the performance of this contract. On the other hand, Nigh has shown considerable harm resulting to him if the court refused to grant relief. In that circumstance, the court was correct in ordering specific performance of the contract and in declaring the quit claim deed from Nigh to Hickman null and void.

No error of law appears. The judgment is affirmed.

All concur.