**Harold W. FLATH and Diana L. Flath, his wife, Plaintiffs-Appellants,**

v.

**Vernon J. BAUMAN and Geraldine A. Bauman, his wife, Defendants-Respondents.**

**No. 51197.**

Missouri Court of Appeals, Eastern District, Southern Division.

Dec. 23, 1986.

---

Francis J. Elpers, Private Atty., St. Genevieve, for plaintiffs-appellants.

Raymond M. Weber, Private Atty., St. Genevieve, for defendants-respondents.

DOWD, Presiding Judge.

Plaintiff-purchaser appeals from a judgment for defendant-vendor in an action for specific performance of a "contract for deed."[1] We affirm.

On May 6, 1981, vendor and purchaser executed a "contract for deed" to certain real property in Ste. Genevieve County. The subject property had flooded five times

---

**1.** The wives of both vendor and purchaser have been joined in this action. For purposes of this opinion, however, the parties will be referred to in the singular subject as "vendor" and "purchaser."

in the past ten years and had considerable flood damage at the time of sale. The sales contract made no provision as to responsibility for insuring the premises or as to who should bear the risk of fortuitous loss.

The sales contract provided for a purchase price of $7,000.00, payable $200.00 upon signing and eleven monthly installments of $100.00, due on or before the tenth day of each month. A final balloon payment of the balance of the purchase price with interest was to be made on April 10, 1982. The contract for sale contained a forfeiture clause and a provision for liquidated damages, allowing vendor to retain all monies paid under the contract upon vendor giving written notice of default to purchaser and a ten day right to cure.

Upon signing of the sales contract, purchaser immediately took possession of the premises and began making repairs to make it habitable. Both vendor and purchaser testified that the parties had agreed that purchaser was responsible for the cost of any and all improvements made to the property. Purchaser testified he expended over $8,000.00 in materials and labor for improvements to the property. The trial court, however, made no finding on this issue.

In accordance with the contract terms, purchaser made the eleven monthly payments of $100.00 when due. On April 10, 1982, when the final balloon payment of the purchase price became due, purchaser notified vendor he was unable to make the payment. Purchaser testified seller gave him a couple of months to come up with the purchase price. According to vendor, he told purchaser he would go along for another month or two.

In the meantime, purchaser continued to make, and vendor continued to accept, monthly payments of $100.00 up through and including November 1982. In mid-November 1982, purchaser moved from the property and notified vendor thereof.

During the second week of December 1982, the subject property was damaged by flood. Purchaser made no monthly payment in December or any time thereafter. The parties stipulated at trial that written notice of default was never given to purchaser.

Vendor carried a flood insurance policy on the subject property in the amount of $16,500.00. Vendor requested from purchaser, and purchaser provided vendor, receipts reflecting improvements purchaser made to the property. Vendor received $11,533.00 in payment under the policy. Vendor did not use any of the proceeds to restore the property to its pre-flood condition. Nor did vendor share any of the proceeds with purchaser.

On October 26, 1983, purchaser filed this action seeking specific performance of the contract or in the alternative restitution of all monies paid under the contract and sums expended for improvements to the building. The trial court entered judgment for vendor, ruling purchaser had no equitable interest in the subject property because he failed to pay the balance of the purchase price when due, or at any time thereafter, and thus did not perform his obligations under the contract. The court further held that purchaser was not entitled to restitution of monies paid for improvements to the property because all improvements were made with the clear understanding that purchaser was responsible for their cost.

In his first point on appeal, purchaser contends the trial court erred in failing to grant specific performance of the "contract for deed" because he made substantial improvements to the property and has paid a considerable portion of the purchase price.

■ Our review of this court tried case is governed by Rule 73.01 as interpreted by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), and we are thereby required to affirm the judgment of the trial court unless it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. The trial court concluded that purchaser had no equitable interest in the property as he did not perform his obligations under the contract.

We agree and conclude that purchaser was not entitled to specific performance as he was in default of the contract terms and failed to make a tender of the purchase price.

As an initial matter, it should be noted that the determination of whether specific enforcement will be decreed rests in the sound discretion of the trial court and will not be decreed if plaintiff has committed a material breach. *Landau v. St. Louis Public Service Co.*, 364 Mo. 1134, 273 S.W.2d 255, 259 (banc 1954). Before a court will grant specific performance, the party seeking such relief "must allege and prove the performance, or offer to perform on his part of every essential ingredient of the contract which was required of him." *Parkhurst v. Lebanon Pub. Co.*, 356 Mo. 934, 204 S.W.2d 241, 247 (1947).

Here purchaser was obligated under the "contract for deed" to make payment of the balance due of the purchase price on April 10, 1982. Purchaser, however, failed to make said payment when due or at any future time. It is true that vendor never gave notice of default to purchaser and vendor continued to accept monthly payments from purchaser of $100.00 through November 1982.

Notwithstanding the contract provision requiring notice of default before vendor could declare the contract forfeited, ordinarily, acceptance by the vendor of payments out of time and of less than the amount due waives the default. It is then necessary that the vendor give the purchaser notice of his intention to forfeit the contract before the purchaser is precluded from seeking equitable relief against the forfeiture. *Bogad v. Wachter*, 365 Mo. 426, 283 S.W.2d 609, 613–14 (1955).

Notice of default, however, is excused where the purchaser has abandoned the contract or has acted so as to cause the vendor to reasonably believe he has abandoned the contract. 91 C.J.S. *Vendor & Purchaser* § 139 (1955). The question of whether one has abandoned his rights under a contract is ordinarily one of fact. 1 C.J.S. *Abandonment* § 11 (1985); *see also, Anson v. Tietze*, 354 Mo. 552, 190 S.W.2d 193, 197 (1945). The trial court did not make a specific finding that purchaser abandoned his rights under the contract. The court concluded: "That in mid-November, 1982, Plaintiffs removed from the premises and notified Defendants thereof, but did not orally or in writing indicate he was exercising any right of purchase." In accordance with Rule 73.01, we construe all fact issues upon which no specific findings have been made to be consistent with the judgment and thus conclude the trial court found purchaser had abandoned his rights under the contract.

"[T]o constitute an abandonment of rights under a contract, an actual intention to abandon must exist." *Austin & Bass Builders, Inc. v. Lewis*, 350 S.W.2d 133, 139 (Mo.App.1961), *revd. on other grounds*, 359 S.W.2d 711 (Mo. banc 1962). Intention to abandon, however, may be established by "acts and conduct consistent with an intention to abandon." *Anson, supra*, 190 S.W.2d at 197. Proof of abandonment "must be made by clear, unequivocal, and decisive evidence." *Miran Investment Co. v. Medical West Building Corp.*, 414 S.W.2d 297, 303 (Mo.1967) (quoting *Sanitary Systems, Inc. v. American Surety Co. of New York*, 331 F.2d 438, 440 (8th Cir.1964)).

We conclude that purchaser's conduct provided the trial court with sufficient evidence to conclude that purchaser had abandoned his rights under the contract. The evidence was that purchaser moved from the premises three to four weeks before the flood. Purchaser had not tendered the balance of the purchase price when due on April 10, 1982 or at any time thereafter. Moreover, purchaser failed to make any payments after November 1982. There was also evidence before the trial court that purchaser stopped making payment towards the purchase price before the flood. Vendor testified the flood occurred during the second week of December, around the thirteenth or fourteenth day. The monthly installments were due on the tenth day of each month. Additionally,

purchaser waited nearly a year to seek enforcement of the contract.

▮ In a deposition offered into evidence, purchaser testified he called vendor after the flood and told him he would be unable to make the December payment because he needed money to live elsewhere due to the flood. At trial purchaser testified he notified vendor he was moving from the premises temporarily until he could acquire an affordable heat source for the residence and that he had left personal belongings at the residence. Conduct that raises an issue of an intent to abandon, however, "is not destroyed by that person's sworn testimony he did not intend to abandon." *Anson, supra,* 190 S.W.2d at 197. Furthermore, it was within the trial court's prerogative to determine the credibility of the witnesses and the court could choose to accept or reject testimony even if uncontradicted. *Birmingham v. Kansas City Public Service Co.,* 361 Mo. 458, 235 S.W.2d 322, 327–28 (1950); *Baum v. Glen Park Properties,* 692 S.W.2d 831, 833 (Mo.App. 1985).

▮ The conjunction of purchaser's conduct in moving from the premises, failing to pay the balance of the purchase price at any time, and failing to make any payments after November 1982, provided the trial court with sufficient evidence to find an abandonment.

Purchaser claims he has tendered performance of his obligations under the contract by offering the insurance proceeds in payment of the balance due under the contract. Purchaser contends he is entitled to the insurance proceeds pursuant to the Missouri Supreme Court decision of *Skelly Oil Co. v. Ashmore,* 365 S.W.2d 582 (Mo. banc 1963). It should be noted, however, that purchaser made no offer of tender in his petition, but waited until his motion for summary judgment to claim entitlement to the insurance proceeds under *Skelly Oil.*

In *Skelly Oil,* the Missouri Supreme Court placed the risk of fortuitous loss on the vendor where there was no contract provision covering the issue. A building located on the land subject to the sales contract was destroyed by fire in the interim between execution of the contract and closing of the sale. The court granted the purchaser specific performance with an abatement in the purchase price in the amount the vendors received in insurance proceeds. In *Skelly Oil,* however, the contract involved was a "contract for sale" not a "contract for deed." Purchaser had agreed to the terms and conditions of the contract and only formal closing of the sale remained when the casualty loss occurred.

▮ We agree with the trial court's ruling that *Skelly Oil* is not applicable where the plaintiff has not performed his obligations under the contract. As the Supreme Court noted in *Skelly Oil,* equity must first determine whether the contract is one which should be specifically performed. *Skelly Oil Co., supra,* at 588. Purchaser had abandoned his rights under the contract and was in default. As discussed previously, specific performance will not be granted where plaintiff has committed a material breach. *Landau, supra,* 273 S.W.2d at 259.

▮ From our finding that *Skelly Oil* does not govern the case at bar, it follows that purchaser has no entitlement to the insurance proceeds and thus has not made a tender of the full purchase price, a prerequisite to specific performance. *Parkhurst, supra,* 204 S.W.2d at 247. We affirm the judgment of the trial court that purchaser is not entitled to specific performance.

In his final point on appeal, purchaser contends the trial court erred in failing to grant, as alternative relief, restitution of all monies paid under the contract and sums expended for improvements. The trial court concluded purchaser was not entitled to restitution as he failed to perform his obligations under the contract and further that all improvements were made on purchaser's own volition and with the clear understanding that he was responsible for the cost.

The rule in Missouri is that even where there is no express contract provision for forfeiture, a vendor who is not in default may abandon performance on his part and retain all sums paid to him under the contract, upon default by the purchaser amounting to a total breach. *First National Bank of West Plains v. King,* 363 S.W.2d 590, 595 (Mo.1963). Likewise, a purchaser in default is not entitled to restitution of the value of unsolicited improvements made to the land. 92 C.J.S. *Vendor & Purchaser* § 544 (1955); *see also,* 1 G. Palmer, The Law of Restitution § 5.9 (1978).

Purchaser was in default and the trial court found he had abandoned his rights under the contract. Additionally, the trial court concluded all improvements made by purchaser were unsolicited. Point denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.